People v I.C. (2025 NY Slip Op 51439(U))

[*1]

People v I.C.

2025 NY Slip Op 51439(U)

Decided on September 12, 2025

Youth Part, Erie County

Freedman, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on September 12, 2025
Youth Part, Erie County

The People of the State of New York

against
I.C., AO.

Docket No. FYC-72764-25/001

Taylor Yensan, Esq. (Assistant District Attorney)
Connor Dougherty, Esq. (for Principal I.C.)

Brenda M. Freedman, J.

The People having moved pursuant to Criminal Procedure Law, Article 722, § 722.23(1), et seq. for an order preventing removal of this action to the juvenile delinquency part of Erie County Family Court, and upon reading the Notice of Motion and Supporting Affidavit of Taylor Yensan, Esq. (Assistant District Attorney), dated August 28, 2025; an Answering Affirmation having been filed by Connor Dougherty, Esq. on behalf of AO I.C. dated September 4, 2025; the ADA having reserved the right to a hearing on the facts alleged in support of the People's Motion; and due deliberation having been had, the Court finds the following:
Procedural History
AO I.C. is charged under FYC-72764-25/001 with one count of Criminal Possession of Stolen Property in the Fourth Degree, a class E felony, contrary to Penal Law § 165.45-5 and Unauthorized Use of a Vehicle in the Third Degree, a class A misdemeanor, contrary to Penal Law § 165.05-1.
On July 30, 2025, AO I.C. was arraigned by this Court. A six-day reading was not required under CPL § 722.23(2)(a). The People indicated that they would make a motion under CPL § 722.23(1) requesting that this matter not be removed to Family Court. A decision on motion was scheduled on September 12, 2025. Nominal bail was set at $1.00 A, B, $10 E at 10%.

 Findings of Fact
It is alleged that on July 24, 2025, Victim 1 reported her 2019 Kia Optima as stolen. Later that same day, at or around the intersection of Elmwood Avenue and Kenmore Avenue in the village of Kenmore, Officers observed the stolen 2019 Kia Optima drive past. After initiating a traffic stop, the driver of the stolen vehicle was identified as AO I.C. and taken into custody.

 Conclusions of Law
The Raise the Age Law defines a 16-year-old or 17-year-old person who was charged [*2]with a felony as an "adolescent offender" (CPL § 1.20 [44]; see Penal Law § 30.00 [1], [3] [a]). Following arraignment, the Youth Part shall order the removal of an Adolescent Offender matter to Family Court unless, within thirty calendar days of arraignment, the prosecutor moves to prevent the removal of the action to Family Court and establishes that extraordinary circumstances exist. CPL § 722.23(1)(a), (d).
The term "extraordinary circumstances" is not defined in the Raise the Age Law. People v. Guerrero, 235 AD3d 1276, 1276 (4th Dept. 2025). "The legislative history for CPL § 722.23 reveals that, in making an extraordinary circumstances determination, courts should 'look at all the circumstances of the case, as well as ... all of the circumstances of the young person,' including both mitigating and aggravating factors". NY Assembly Debate on 2017 NY Assembly Bill A3009C, April 8, 2017 at 39; see id. at 40, 65); see also, People v. Guerrero, supra. The legislative history further provides that "the People would satisfy the 'extraordinary circumstances' standard where 'highly unusual and heinous facts are proven and there is strong proof that the young person is not amenable or would not benefit in any way from the heightened services in the family court.'" See, People v T.P., 73 Misc 3d 1215(A) (Nassau County Ct 2021).
Defense counsel for AO I.C. raises mitigating factors that AO I.C. has not been alleged to lead other youth in any criminal activity. Further, counsel argues that AO I.C. is amenable to the heightened services offered in Family Court. Counsel states that AO I.C. has experienced mental health issues since 2023, which have been an impediment to AO I.C. previously engaging in services. Counsel indicates that with the proper medication to assist with his mental health issues, AO I.C. will be amenable to future services.
AO I.C has a history in Youth Part, as he had a case involving a stolen vehicle removed to Family Court in June, 2025. AO I.C. was involved in another matter currently in the Youth Part, under FYC-72659-25. The facts of that case allege that AO I.C. was the driver of a stolen vehicle that caused a high-speed chase and eventually caused significant physical injuries to a pedestrian. On July 25, 2025, a six-day reading was held under CPL § 722.23(2)(a) and the reading was met, keeping the case in the Youth Part. AO I.C. was released under RUS supervision on that matter. A few days later, AO I.C. was arrested and arraigned on the matter herein.
This Court finds that AO I.C. will not be amenable to the heightened services of Family Court. This youth has been given many opportunities to lead a law-abiding life and has failed those opportunities. AO I.C. has a significant youth part history and has committed a series of crimes over a short series of days.
After examining all the circumstances of this case and this youth, this Court finds that extraordinary circumstances exist to prevent the transfer of this action to Family Court. The People have met their burden to prevent removal of this action to Family Court. This constitutes the opinion, decision, and order of this Court.
SO ORDERED.
ENTER,
HON. BRENDA M. FREEDMAN